OPINION
This is an appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division. Appellant, Fred F. Simeone, appeals the trial court's calculation of child support.
Appellee, Tina M. Simeone, and appellant were married June 23, 1979, in Girard, Ohio. Three children were born as issue of the marriage: Dominic, born September 25, 1983; Christopher, born December 26, 1985; and Matthew, born December 31, 1988. Appellee filed for divorce on September 14, 1993, which was granted on April 21, 1994. Appellee was awarded custody of the three minor children, and appellant was ordered to pay child support for their three children in the amount of $275 per month, plus poundage, beginning May 1, 1994.
On May 1, 1996, appellee filed a motion to modify visitation and a motion for payment of medical expenses. On that same date, appellee also filed a motion for ex parte orders suspending the companion visitation rights of appellant. The trial court granted appellee's motion on May 1, 1996. However, appellant filed a motion in response, and on June 11, 1996, the trial court re-established appellant's visitation rights. On June 27, 1996, appellee filed a motion to modify child support claiming that appellant had had an increase in earnings.
On November 12, 1997, appellee filed another ex parte motion eliminating appellant's visitation rights with the children because appellant was arrested for possession of a firearm and marijuana. The trial court eliminated appellant's visitation rights on November 14, 1997.
From the record before us, it appears that a hearing was held before the magistrate on February 3, 1998. On October 22, 1998, after the hearing, the magistrate entered a decision modifying appellant's child support obligation to $429 per month plus poundage, commencing January 1, 1997. Further, since the determination took twenty-two months, appellant accumulated arrearages in the amount of $4,774, thus, the magistrate decided that appellant should pay an additional $135 per month toward the arrearages. Hence, appellant was ordered to pay appellee a total of $627 per month beginning on November 1, 1998, for thirty-six months. On October 22, 1998, the trial court adopted the magistrate's decision. On November 5, 1998, appellant filed objections to the magistrate's decision, but failed to file a transcript of the proceedings before the magistrate or an affidavit of the evidence at the hearing.[1] On July 16, 1999, the trial court overruled appellant's objections. It is from that entry that appellant timely filed the instant appeal and now asserts the following as error:
 "[1.] The trial court erred in its determination of the child support obligation.
 "[2.] The trial court erred in failing to issue a ruling or determination upon the matter of the suspension of appellant's visitation."
In his first assignment of error, appellant contends that the trial court erred in its determination of his child support obligation. Appellant presents three arguments under this assignment. First, the trial court erred in failing to properly calculate child support under the guidelines and in failing to specify the manner in which the trial court made its determination as to appellant's income for the years 1995 and 1996. Further, appellant alleges that the trial court erred to the extent it imputed additional income to appellant based upon his purchase of an automobile in 1995, or based upon the status of his assets. Finally, appellant declares that the trial court committed error to the extent it added the "other income" appellant received from the Lottery Commission to the net profit from appellant's operation of his business because such profits were already included in the determination of the profit from the business. All of appellant's arguments are, in reality, fact-based or fact-driven and turn on factual matters which were determined in the magistrate's hearing.
This court is unable to review appellant's claim because appellant failed to provide a transcript or an affidavit of the hearing before the magistrate. Pursuant to Civ.R. 53(E)(3)(b), parties are required to support any objection to a magistrate's factual finding with "a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
In the case at bar, appellant failed to support his objection with a transcript of the relevant evidence or an affidavit before the trial court. Thus, the trial court was free to adopt the magistrate's factual findings as to the imputation of income without further review. Dintino v. Dintino (Dec. 31, 1997), Trumbull App. No. 97-T-0047, unreported, at 5. Moreover, this court has held that when the complaining party fails to support his or her factual objections in accordance with Civ.R. 53, that party is precluded from arguing factual determinations on appeal.Id. at 5-6.
Since appellant has failed to file a transcript or an affidavit with his objections in the trial court, he is precluded from arguing that the facts do not support the findings of the magistrate. Because we must accept the trial court's findings of fact, we cannot say that the trial court erred by modifying appellant's child support obligation. Hence, the trial court decision must be affirmed because appellant cannot demonstrate his error. Appellant's first assignment of error lacks merit.
In his second assignment of error, appellant asserts that the trial court erred in failing to issue a ruling on the matter of the suspension of appellant's visitation. Again, we are unable to review appellant's claim because he has failed to provide a transcript or affidavit of the hearing before the magistrate. Thus, we cannot say that the trial court erred because appellant cannot demonstrate his error. Appellant's second assignment of error is not well-founded.
For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.
 ________________________________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., O'NEILL, J., concur.
[1] Appellant only attached his tax returns for 1995 and 1996 to his objections to the magistrate's decision.